UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY GAINES ET AL | CIVIL ACTION NOS. 16-cv-0594 and 16-cv-0612 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| GREENWOOD MOTOR LINES INC ET AL | BY CONSENT OF THE PARTIES |

**ORDER**

Before the Court is a Motion in Limine, filed by Defendants, Greenwood Motor Lines, Inc. d/b/a R+L Carriers, Protective Insurance Company, and Dexter E. Williams, seeking to exclude the traffic citation issued to Dexter Williams, and the conclusions in the Uniform Motor Vehicle Crash Report, and any testimony or opinion(s) of Sergeant Craig Alexander related to the citation or conclusions within the Uniform Motor Vehicle Crash Report. [Rec. Doc. 89, in Docket No. 16-cv-0594; Rec. Doc. 72, in Docket No. 16-cv-0612]. The motion is unopposed. For the following reasons, the motion is GRANTED.

Attached to the motion are state court minutes reflecting both Dexter Williams' July 8, 2015 plea of not guilty, as well as the November 10, 2015 order that the case be nolle prossed.[1] "While a plea of guilty to a traffic citation is admissible in a civil case, the mere fact that a party was charged with a traffic

---
[1] Rec. Docs. 89-3 and 89-4, respectively.

violation is not."[2] Accordingly, the motion is granted insofar as the traffic citation issued to Dexter Williams, and testimony related thereto, shall be excluded.

The defendants further seek to exclude any testimony or opinions of Sergeant Craig Alexander related to the conclusions within the Uniform Motor Vehicle Crash Report. Federal Rule of Evidence 701 limits opinion testimony by lay witnesses.[3] "It has been consistently held that a law officer may testify as to matters within his personal knowledge acquired through his experience without first being qualified as an expert."[4] "However, if a law officer such as a state police trooper is not qualified as an accident reconstruction expert, his testimony in the form of lay opinions is limited to those opinions based upon his 'rational perception of the facts and recollections pertaining to the scene of the accident.'"[5] Accordingly, the motion is granted insofar as Sergeant Alexander's testimony shall be limited to matters within his personal knowledge and recollections pertaining to the scene of the accident.

Signed at Lafayette, Louisiana on this 10th day of October, 2018.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] *Dawson v. Carbollosa*, No. 14-0057, 2014 WL 7272768, at *3 (W.D. La. Dec. 18, 2014) (James, J.) (citing *Maricle v. Liberty Mut. Ins. Co.*, 2004–1149, p. 9 (La. App. 3 Cir. 3/2/05); 898 So.2d 565, 572); *see also Rhodes v. Curtis,* No. 04–476, 2006 WL 1047021, at *2 (D. Okla. Apr. 12, 2006) ("Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty.") (citing *Walker v. Forrester*, 764 P.3d 1337, 1339 (Okla. 1980)).
[3] Fed. R. Evid. 701.
[4] *Iglinsky v. Player*, No. 08-650, 2010 WL 4925000, at *3 (M.D. La. July 16, 2010) (Noland, MJ.), report and recommendation adopted, No. 08-650, 2010 WL 4905984 (M.D. La. Nov. 24, 2010) (Jackson, J.) (citing *State v. LeBlanc*, 2005–0885 (La. App. 1 Cir. 2/10/06), 928 So.2d 599, 603).
[5] *Id*.