UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY GAINES ET AL | CIVIL ACTION NOS. 16-cv-0594 and 16-cv-0612 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| GREENWOOD MOTOR LINES INC ET AL | BY CONSENT OF THE PARTIES |

**ORDER**

Before the Court is a Motion in Limine, filed by Defendants, Greenwood Motor Lines, Inc. d/b/a R+L Carriers, Protective Insurance Company, and Dexter E. Williams, seeking to exclude any evidence or testimony relating to any insurance policy or policy limits issued by any insurer to any defendant. [Rec. Doc. 90, in Docket No. 16-cv-0594; Rec. Doc. 73, in Docket No. 16-cv-0612]. The motion is unopposed. For the following reasons, the motion is GRANTED.

Rule 411 of the Federal Rules of Evidence provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.[1]

The defendants have argued that the existence of any such insurance policies or the amount of coverage is not a disputed issue that a trier of fact must decide. As such,

---

[1] Fed. R. Evid. 411; *see also Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663 (5th Cir. 1985).

"the only reason for the introduction of this type of evidence would be to show the financial status of a defendant or the ability of a defendant to pay damages, and the introduction of policy limits for this purpose has been held to be unfairly prejudicial to parties by the Fifth Circuit as well as under Louisiana law."[2] Given the lack of opposition to the instant motion, as well as the Court's inability to ascertain a proper, alternative basis for the admissibility of this evidence, the motion is granted, subject to the plaintiffs' right to re-urge the admissibility of any such evidence, should the evidence be or become admissible "for another purpose" at trial.[3] Any ruling thereon will also be subject to the requisite balancing of Rules 401 and 403.

Signed at Lafayette, Louisiana on this 10th day of October, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[2] Rec. Doc. 90, in Docket No. 16-cv-0594 (citing *Reed*, *supra*, 773 F.2d at 664) (internal citations omitted); and *Rodriguez v Taylor*, 468 So.2d 1186 (La. 1985); *Mack v. Transport Ins. Co.*, 577 So.2d 112,117 (La. App. 1st Cir. 1991).
[3] *See* Fed. R. Evid. 411, *supra*.